**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF | Bankruptcy Case No.  05-17412 |
| DANIEL W. SHARP AND, THERESA SHARP | Adversary No. |
| Debtors | (Judge Jeffery P. Hopkins) |
| E. HANLIN BAVELY<br>Trustee in Bankruptcy<br>850 Tri-State Building<br>432 Walnut Street<br>Cincinnati, Ohio 45202 | |
| Plaintiff | **COMPLAINT FOR:** |
| vs. | **TURNOVER OF PERSONAL PROPERTY IN THE FORM OF REIMBURSEMENT FOR EXPENSES DUE THE DEBTOR BY AGREEMENT WITH DEFENDANT IN THE AMOUNT OF $3389.00** |
| IONIC SERVICES, INC.<br>7300 Turfway Road<br>Florence, KY 41042 | |
| Defendant | |

FIRST CAUSE OF ACTION

1.      This cause of action is brought in conformity with 11 U.S.C. Section 542 [Turnover of Property to the Estate]; Bankruptcy Rule 7001(1); and is a core proceeding in conformity with 28 U.S.C. Section 157(b)(2)(E) [Procedures]; and this Court has jurisdiction of this proceeding pursuant to 28 U.S.C. Section 1334(b) [Bankruptcy Cases and Proceedings]; and the General Order of Reference entered in this District; and is a proceeding seeking an order for the turnover of property in possession of the defendant, designated herein as:

At the time the debtor, Daniel W. Sharp filed his bankruptcy petition, he was owed for reimbursement for expenses $4389.00 by the defendant, Ionic Services, Inc.  Debtor filed his petition on August 25, 2005.  As the Trustee understands it, an oral agreement between defendant and the debtor provided that the defendant would repay certain expenses to the debtor, who was an

employee of the defendant at the time, in monthly installments of $1,000.00 per month beginning December 2005 payable in full and within one year by March, 2006 in the promised amount of $4389.00.

On August 26, 2005 defendant paid the debtor $1,000.00 which the debtor otherwise turned over to the Trustee so that upon the obligation there is still due the amount of $3389.00.

2. Such sum and proceeds represent assets of the bankruptcy estate in conformity with 11 U.S.C. Section 541 [Property of the Estate].

4. Such sum and proceeds are subject to recovery by the Trustee for the benefit of creditors of the estate.

WHEREFORE, E. Hanlin Bavely, the Trustee, prays the Court that an Order be entered herein requiring that the defendant Ionic Services, Inc., be required to turn over to the Trustee the sum of $3389.00; that the Trustee have a judgment against defendant, Ionic Services, Inc. in this total sum; that the Trustee recover interest from the defendant from the time of entry of the judgment herein; that the Trustee recover the costs of Court incurred herein; and such other relief to which the Trustee may herein be entitled.

*/S/    E. HANLIN BAVELY*
E. Hanlin Bavely, Trustee
850 Tri-State Building
432 Walnut Street
Cincinnati, Ohio 45202

### CERTIFICATE

I certify that a copy of this Complaint has been sent by regular mail on this 12th day of December, 2006 to the following parties in interest: John A. Schuh, Esquire, Schuh & Goldberg, 2662 Madison Road, Cincinnati, Ohio 45208 and to Office of the U.S. Trustee, Suite 2030, 36 East 7th Street, Cincinnati, Ohio 45202.

*/S/    E. HANLIN BAVELY*
E. Hanlin Bavely